IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES L. MCLEAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-cv-1413 |
| BRANCH BANKING AND TRUST COMPANY, and DOE, | ) |
| Defendant. | ) |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

In 2012, Plaintiff leased a safe deposit box from a BB&T branch in Fairfax County. The lease agreement, signed by Plaintiff on February 24, 2012, waived Defendant's liability for any loss or damage to the contents of the box, except that attributable to gross negligence or willful misconduct. The agreement also permitted Defendant to terminate the contract at any time, with written notice to Plaintiff. Within five days of such notice, Plaintiff would be required to surrender the box.

Upon signing the lease, Plaintiff placed twenty-five "silver certificates" and a "half-dollar coin" in the safe deposit box. In 2017, the Fairfax County branch was set to

deposit box. In 2017, the Fairfax County branch was set to close. Defendant attempted to contact Plaintiff multiple times that he might retrieve the items. Defendant mailed Plaintiff two letters, one in August and one in September, and called Plaintiff by telephone in September to notify him that the branch was closing. When Plaintiff never responded or picked up the items, one of Defendant's agents opened the box in October of 2017. Defendant later issued a check to Plaintiff for the "face" value of the items.

On October 2, 2019, Plaintiff filed a Complaint in the Circuit Court of Fairfax County, alleging violation of the Virginia Consumer Protection Act (Count 1); breach of fiduciary duty (Count 2); conversion (Count 3); trespass to chattel (Count 4); replevin (Count 5); nuisance (Count 6); and breach of contract (Count 7). On November 7, 2019, Defendant removed the case to federal court.[1] Defendant filed a Motion to Dismiss on Counts I, II, and VI, which this Court granted in full. Plaintiff's replevin claim was abolished by statute. Accordingly, Plaintiff's remaining claims are conversion,

---

[1] Plaintiff's Complaint named a Doe defendant identified as an "undisclosed subsidiary of BB&T" with the same address as Defendant Branch Banking and Trust Company. The Court has treated the Doe defendant as a nominal party because there is no indication it has an interest in the subject matter of the lawsuit and outcome of the case apart from Defendant Branch Banking and Trust Company. See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260-261(4th Cir. 2013); see also Shaughnessy v. Pedreiro, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations").

2

trespass to chattel, and breach of contract. Discovery is now closed and Defendant's case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment. is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). Summary judgment may be entered when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient" to find an issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Count 7 for breach of contract fails because the express terms of the lease agreement bar the claim. In a breach of contract action, courts must treat the parties' contract as "the law governing the case unless it is repugnant to some rule of law or public policy." Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289 (Va. 2008) (citing Winn

3

v. Aleda Constr. Co., 227 Va. 304, 307 (Va. 1984)). The agreement acknowledged that Defendant would not be liable for the loss of any money or collectibles and that Defendant would not insure the contents of the box. The agreement also established that, Plaintiff would vacate and surrender the box within five days of receiving notice that Defendant planned to terminate the agreement. In August and September 2017, Defendant notified Plaintiff that the agreement would be terminated and that Plaintiff should retrieve his items. Plaintiff admits that he did not respond to the notices, but argues that the lease agreement is unenforceable because it is an unconscionable contract of adhesion. Overlooking the fact that this is the first time Plaintiff raises the issue, courts in the Eastern District of Virginia regularly enforce contracts of adhesion. See, e.g., Torres v. SOH Distribution Co., Inc., No. 3:10-cv-179, 2020 WL 1959248, at *3 (E.D. Va. May 13, 2010); Green v. Kline Chevrolet Sales Corp., No. 2:19-cv-27, 2019 WL 3728266, at *8 (E.D. Va. Aug. 7, 2019). In Virginia, a contract is not per se unconscionable merely because it is a standard form contract "between parties of admittedly unequal bargaining power." Saturn Distrib. Corp. v. Williams, 905 F.2d 719, 725-26 (4th Cir. 1990). "To be invalid, the provision at issue must be unconscionable." Id. at 726 (quoting Webb v. R. Rowland & Co., Inc., 800 F.2d 803, 807 (8th Cir. 1986)). Plaintiff presents no

4

evidence that the contract provisions waiving Defendant's liability and requiring five-days' notice for contract termination are unconscionable. Absent any such evidence, the disparity in bargaining power does not render the lease agreement unenforceable. Under the terms of the signed agreement, Plaintiff's claim for breach of contract fails.

Furthermore, Plaintiff's claims fail because there is no evidence of actual damages. All of Plaintiff's claims require a showing of damages. See Vines v. Branch, 418 S.E.2d 890, 894 (Va. 1992) (asserting a claim for trespass to chattels requires showing of actual damages); Straley v. Fisher, 10 S.E.2d 551, 553 (Va. 1940) (requiring measure of damages to sustain claim for conversion); Ulloa v. QSP, Inc., 271 Va. 72 (Va. 2006) (citation omitted) (listing damages as required element of breach of contract claim). "Damages which are uncertain, contingent, or speculative" are not recoverable. Barns v. Graham Virginia Quarries, Inc., 204 Va. 414, 418 (Va. 1963). Yet, Plaintiff admits he does not know the value of the items that were held in the safe deposit box and acknowledges that the only evidence he has of their value is the range suggested by the Bank. In addition, punitive damages are strongly disfavored under Virginia law. Simbeck, Inc. v. Dodd Sisk Whitlock Corp., 257 Va. 53 (Va. 1999). Plaintiff has not provided a reason he should be awarded punitive damages absent proof of actual

damages. Plaintiff's inability to prove damages is fatal to his claims and Defendant is entitled to summary judgment on Counts 3, 4, and 7.

For the forgoing reasons, this Court finds that Defendant is entitled to summary judgment. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 5, 2020